No. 25-1560

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

**BADAR KHAN SURI,**

*Petitioner-Appellee,*

v.

**DONALD TRUMP, RUSSELL HOLT, TODD LYONS, KRISTI NOEM, MARCO RUBIO, and PAMELA BONDI,**

*Respondents-Appellants.*
_____

Appeal from the United States District Court
for the Eastern District of Virginia
Case No. 1:25-cv-00480-PTG-WBP

---

**UNOPPOSED MOTION BY THE INTERCEPT MEDIA, INC. TO REMOVE REMOTE ACCESS RESTRICTIONS IMPOSED BY FEDERAL RULE OF APPELLATE PROCEDURE 25(a)(5)**

---

Lin Weeks
   *Counsel for The Intercept Media, Inc.*
Renee M. Griffin
   *Of Counsel*
REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th Street NW, Ste. 1020
Washington, D.C. 20005
(202) 795-9300
lweeks@rcfp.org

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 25-1560    Caption: Suri et al. v. Trump et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

The Intercept Media, Inc.
(name of party/amicus)

who is _____non-party movant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐YES ☑NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: Lin Weeks        Date: June 24, 2025

Counsel for: The Intercept Media, Inc.

- 2 -

Print to PDF for Filing

Third-party The Intercept Media, Inc. ("The Intercept"), by and through its undersigned counsel, and pursuant to Federal Rule of Appellate Procedure 27, respectfully requests that the Court lift restrictions on the public's remote access to records filed in this case currently in place pursuant to Federal Rule of Appellate Procedure 25(a)(5) and Local Rule 25(c)(3)(H). Party counsel has been informed of The Intercept's intent to file this Motion. Petitioner-Appellee consents to The Intercept's request to remove the access restrictions, and Respondents-Appellants take no position as to the request. *See* Loc. R. 27(a).

The Intercept is a nonprofit digital news outlet that has been reporting on this matter and similar legal challenges to immigration detentions and removals happening across the country. *See, e.g.*, Jessica Washington, *Students Are Winning in Court Against Trump's Deportation Regime*, The Intercept (Apr. 30, 2025), https://perma.cc/52JF-S4ZX; Akela Lacy, *Palestinian Student Leader Was Called in for Citizenship Interview—Then Arrested by ICE*, The Intercept (Apr. 14, 2025), https://perma.cc/9NW2-PQET; Jonah Valdez, *What Comes Next in Mahmoud Khalil's Fight Against Deportation*, The Intercept (Apr. 12, 2025), https://perma.cc/6ZQK-82H8; Jonah Valdez, *In Trump's America, You Can Be Disappeared for Writing an Op-Ed*, The Intercept (Mar. 30, 2025), https://perma.cc/79ZF-85RB. The Intercept, which is headquartered in New York, seeks to continue to cover this case on an ongoing, day-to-day basis in light of its

1

newsworthiness and relevance to the government's immigration enforcement policies and actions, a major topic of public interest.

Despite the public interest in this appeal, The Intercept is unable to access the electronic appellate record, including any party filings, via PACER. Nor is any other member of the press or public able to do so. This restriction on PACER access derives from Federal Rule of Civil Procedure 5.2(c), which limits the public's remote electronic access only to "the docket maintained by the court" and "an opinion, order, judgment, or other disposition of the court" in a "proceeding relating to . . . immigration benefits or detention." Fed. R. Civ. P. 5.2(c). Access to electronic judicial records on appeal is "governed by the same rule." Fed. R. App. P. 25(a)(5); *see also* Loc. R. 25(c)(3)(H) ("[C]ase documents are publicly available on the Internet, except that in immigration and social security cases, only the Court's orders and opinions are available to the public on the Internet."). Because of these restrictions, members of the press and all other non-parties may only access records filed in this Court, including merits briefs filed by parties, by visiting the Lewis F. Powell, Jr. United States Courthouse Annex in Richmond, Virginia.

The Federal Rules permit the Court to lift these restrictions on remote access to its electronic records in any proceeding covered by the aforementioned rules. *See* Fed. R. Civ. P 5.2(c) ("Unless the court orders otherwise . . . ."). The Clerk of the U.S. Court of Appeals for the Second Circuit has done so in two similar immigration

habeas appeals, both times at The Intercept's request and with consent of the petitioners. *See Mahdawi v. Trump*, No. 25-1113, ECF No. 88 (2d. Cir. May 9, 2025) (granting request that restrictions on public access to the electronic record be lifted); *Ozturk v. Hyde*, No. 25-1019, ECF No. 80 (2d. Cir. May 9, 2025) (same). District courts have also lifted restrictions arising under Rule 5.2(c). *See, e.g.*, *Khalil v. Joyce*, No. 1:25-cv-01935, ECF No. 29 (S.D.N.Y. Mar. 12, 2025) ("With the consent of both parties, the Court orders that the limitations on remote access to electronic files otherwise applicable in this case, see Fed. R. Civ. P. 5.2(c), are lifted."); *Kordia v. Noem*, No. 3:25-cv-01072, ECF No. 47 (N.D. Tex. June 2, 2025) ("[T]he Court directs the Clerk of Court to lift all viewing restrictions on the docket- i.e., to make all prior filings electronically available to the public.").

Petitioner-Appellee does not object to this Motion to lift the restriction on the public's electronic access to the Court's docket in this case. Indeed, Petitioner-Appellee himself already requested that the Rule 5.2(c) restrictions be lifted in the District Court, *Suri v. Trump*, No. 1:25-cv-00480, ECF No. 52 (E.D. Va. Apr. 30, 2025). That request remains pending below. As a result, there is no downside or prejudice that could result from lifting the public access restrictions on the appellate record in this case.

It is the petitioner's "sensitive information" that Rule 5.2(c) was designed to protect. *See* Fed. R. Civ. P. 5.2 advisory committee notes (2007) (justifying "special

3

treatment" of immigration case records because of "the prevalence of sensitive information and the volume of filings"). Further, the restrictions on public electronic access in Federal Rule of Civil Procedure 5.2(c) and Federal Rule of Appellate Procedure 25(a)(5) are both too broad and too narrow to protect the purported privacy interests. The rules block public remote electronic access to any filing other than the Court's orders and opinions, *see* Loc. R. 25(c)(3)(H), regardless of whether such filings contain sensitive information. But at the same time, anyone may go to the courthouse and view the same judicial records in person, such that any sensitive or unredacted information therein could still be revealed.

As this Court has long recognized, the "value of openness in judicial proceedings can hardly be overestimated." *United States v. Moussaoui*, 65 F. App'x 881, 885 (4th Cir. 2003). This "openness of the judicial process"—especially through the press's reporting—"affords citizens a form of legal education and hopefully promotes confidence in the fair administration of justice." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980) (plurality opinion). Further, "access allows the public to 'participate in and serve as a check upon the judicial process—an essential component in our structure of self-government.'" *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 327 (4th Cir. 2021) (quoting *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982)). The restrictions on remote electronic access to records in this appeal significantly impede the press and

the public's real-time monitoring of the case.  Lifting the restrictions imposed by Federal Rule of Civil Procedure 5.2(c) and Federal Rule of Appellate Procedure 25(a)(5) will not only facilitate more accurate and thorough press coverage of these proceedings, but will also vindicate "the public's ability to oversee and monitor the workings of the Judicial Branch."  *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014).  There is no countervailing interest to justify the substantial burden on public access to this appeal, given Petitioner-Appellee's consent to this Motion and his own pending request to lift the restrictions on the District Court docket below.

For the foregoing reasons, The Intercept respectfully moves this Court to lift the electronic access restrictions in this matter so that existing and future party filings can be viewed by the press and public via PACER.

Dated:  June 24, 2025

Respectfully submitted,

*/s/Lin Weeks*
Lin Weeks
   *Counsel for The Intercept Media, Inc.*
Renee M. Griffin
   *Of Counsel*
REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th Street NW, Ste. 1020
Washington, D.C. 20005
(202) 795-9300
lweeks@rcfp.org

# CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies under Fed. R. App. P. 32(g) that the foregoing motion meets the formatting and type-volume requirements set by Fed. R. App. P. 27(d) and Fed. R. App. P. 32(a). This motion is printed in 14 point, proportionately-spaced typeface utilizing Microsoft Word and contains 1,124 words, including headings, footnotes, and quotations, and excluding all items identified under Fed. R. App. P. 32(f).

Dated: June 24, 2025

                                           */s/Lin Weeks*  
                                           Lin Weeks