February 4, 2026

**VIA CM/ECF**

Nwamaka Anowi, Clerk of Court
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:    **No. 25-1560, *Badar Suri v. Donald Trump*, Fed. R. App. P. 28(j) Letter regarding *Khalil v. President, United States*, No. 25-2162 & 25-2357, -- F.4th-- , 2026 WL 111933 (3d Cir. Jan. 15, 2026)**

Dear Ms. Anowi,

*Khalil* was wrongly decided.

First, *Khalil* fails to contend with the "staggering results" of holding that Section 1252(b)(9) strips habeas jurisdiction over any detention claims raising questions that potentially overlap with those at issue in removal proceedings. *Öztürk v. Hyde*, 136 F.4th 382, 400 (2d Cir. 2025) (stay panel op.) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (opinion of Alito, J.)). Adopting the Third Circuit majority's reasoning would require individuals with First Amendment retaliation claims against *both* detention and removal to remain in custody with the sole recourse of raising their claims on a petition for review ("PFR") months or years after the initial illegal detention. That would leave the government free to use pretextual detention to punish and chill noncitizens' protected speech and render "the court powerless to remedy any unconstitutional detention that had already occurred." *Suri v. Trump*, 2025 WL 1806692, at *8 (4th Cir. July 1, 2025); *see also Öztürk,* No. 25-1019, Dkt. No. 214.1 at 9–10 (2d Cir. 2025) (en banc) (Nathan, J., concurring). That is intolerable. *See* Pet. Br. 45–46 (invoking Suspension Clause).

Instead, the dissenting judge in *Khalil* was right. Section 1252(b)(9): (1) only channels claims when there is a final order of removal; and (2) does not strip jurisdiction over "now-or-never claims" for which a PFR cannot provide meaningful relief. 2026 WL 111933, at *15 (Freeman, J., dissenting) (cleaned up). The ongoing First Amendment harm of Petitioner's detention is a quintessential

1

now-or-never injury that is effectively unreviewable and irremediable on a PFR. Pet. Br. 41–45.

Second, the majority's assertion that a distinct Fifth Amendment challenge to punitive detention is merely a "repackage[d]" First Amendment claim, 2026 WL 111933, at *11, is both underexplained and wrong. Because the decision to detain requires a determination of flight risk or danger separate from the existence of a removal proceeding, even under the *Khalil* majority's reasoning—which is incorrect—claims challenging unlawful detention "raise legal or factual questions that cannot later be reviewed via a PFR," 2026 WL 111933, at *9, including through a First Amendment challenge to removal.

Respectfully,

/s/ *Noor Zafar*

Astha Sharma Pokharel
Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th floor
New York, NY 10012
(212) 614-6464

Jessica Myers Vosburgh
CENTER FOR CONSTITUTIONAL RIGHTS
P.O. Box 486
Birmingham, AL 35201
(212) 614-6492

Marc Van Der Hout
Johnny Sinodis
Oona Cahill
VAN DER HOUT LLP
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000

Eden Heilman (VSB #93554)
Sophia Leticia Gregg (VSB #91582)
Geri Greenspan (VSB #76786)
Vishal Agraharkar (VSB #93265)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF VIRGINIA
701 E. Franklin St.
Suite 1412
Richmond, VA 23219
(804) 644-8022

Brett Max Kaufman
Scarlet Kim
Brian Hauss
Esha Bhandari
Noor Zafar
Sidra Mahfooz
Michael K.T. Tan
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

2

125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

*Counsel for Petitioner–Appellee*