

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
*P.O. Box 868*
*Ben Franklin Station*
*Washington, D.C. 20044*

VIA CM/ECF                                      March 24, 2026

Nwamaka Anowi, Clerk of Court
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
(804) 916-2700

**Re:  *Suri v. Trump*, No. 25-1560 (4th Cir.), Rule 28(j) Letter Clarifying Statutory Detention Authority**

Dear Ms. Anowi:

Under Federal Rule of Appellate Procedure 28(j), Respondents-Appellants submit this letter in response to a colloquy during oral argument, clarifying the authority under which Suri was subject to detention and whether his detention was mandatory or discretionary.

In this case, the statutory source for Suri's detention is 8 U.S.C. § 1226(a), which is the permissive detention authority. The Department of Homeland Security thus had discretion whether to detain Suri.  However, once the decision to detain pending removal proceedings was made, an immigration judge has no authority to redetermine that custody decision. Specifically, federal regulation prohibits an immigration judge from "redetermine[ing] conditions of custody imposed by the Service with respect to," *inter alia*, "[a]liens described in section 237(a)(4) of the Act"— *i.e.*, 8 U.S.C. § 1227(a)(4).  8 CFR § 1003.19(h)(2)(i)(C).

Respondents-Appellants thank the Court for considering this clarification, and for its attention to this matter.

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

*/s/ David J. Byerley*
DAVID J. BYERLEY
Trial Attorney (DC #1618599)
Office of Immigration Litigation
U.S. Dept. of Justice, Civil Div.
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
T:202-532-4523
david.byerley@usdoj.gov

Counsel for Respondents-Appellants

cc (via CM/ECF): All counsel of record

2

## CERTIFICATE OF COMPLIANCE

I hereby certify: 1. This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because, excluding the parts of the document exempted by Rule 32(f), this document contains 350 words or less. 2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Respectfully Submitted,

*/s/ David J. Byerley*
David J. Byerley

Counsel for Respondents-Appellants